**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAVID MICHAEL HARWI | |
| Appellant | No. 418 MDA 2018 |

Appeal from the PCRA Order Entered  February 9, 2018
In the Court of Common Pleas of Schuylkill County
Criminal Division at No: CP-54-CR-0002084-2016

BEFORE:  SHOGAN, STABILE, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                **FILED: DECEMBER 31, 2018**

Appellant, David Michael Harwi, appeals from the February 9, 2018 order dismissing his timely first petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We reverse and remand.

The record reveals that on October 9, 2016, Appellant was charged with 31 sexual offenses, including rape, rape of a child, involuntary deviate sexual intercourse with a person under age 13, involuntary deviate sexual intercourse with a person under age 16, statutory sexual assault by a person 8 to 11 years older than the victim, aggravated indecent assault of a victim less than 13 years old, aggravated indecent assault of a victim less than 16 years old, incest of a minor under age 13, incest of a minor between ages 13 and 18,

_____

[*] Former Justice specially assigned to the Superior Court.

endangering the welfare of a child by a parent, corruption of a minor, indecent assault of a person less than 13 years of age, and indecent assault of a person less than 16 years of age.[1] The charges arise from Appellant's repeated sexual abuse of his daughter over the span of more than six years. Appellant faced a maximum of 355 years in jail.

On March 31, 2017, several days before his jury trial was scheduled to begin, Appellant entered a negotiated guilty plea whereby the Commonwealth would recommend 15 to 30 years of incarceration followed by 10 years of probation and move to *nolle pros* various charges. The trial court conducted a plea colloquy that day and concluded Appellant entered a knowing, intelligent, and voluntary plea. Appellant waived a presentence investigation, and the trial court immediately imposed sentence in accord with the parties' agreement. On July 2, 2017, the trial court found Appellant to be a sexually violent predator and imposed lifetime registration requirements pursuant to the Sexual Offender Notification and Registration Act ("SORNA"), 42 Pa.C.S.A. § 9799.10, *et seq.*[2]

---

[1] 18 Pa.C.S.A. §§ 3121(a)(2), 3121(c), 3123(a)(6) and (7), 3121.1(a)(2), 3125(a)(7) and (8), 4303(b)(1) and (2), 4304(a)(1), 6301(a)(1)(ii), 3126(a)(7) and (8), respectively.

[2] Pursuant to this Court's decision in **Commonwealth v. Butler**, 173 A3d 1212 (Pa. Super. 2017), **appeal granted**, 190 A.2d 581 (Pa. 2018), the facts relevant to the SVP determination must be submitted to a fact finder and determined beyond a reasonable doubt. Thus, § 9799.24(e)(3) of SORNA is unconstitutional. We must *sua sponte* remand to the trial court to vacate the SVP determination in this case pursuant to **Butler**.

Appellant did not file a direct appeal. He filed this timely first PCRA petition on September 28, 2017 alleging that his guilty plea was the result of unlawful inducement and plea counsel's ineffective assistance. Appointed counsel represented Appellant at a December 1, 2017 hearing. The PCRA court denied relief on February 9, 2018, and this timely appeal followed.

On appeal, Appellant claims the PCRA court erred in rejecting his claims of ineffective assistance of counsel and an unlawfully induced plea.[3] Appellant's Brief at 4.

> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions.

*Com. v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015), *appeal denied*, 123 A.2d 331 (Pa. 2015) (internal citations and quotation marks omitted). To establish that counsel was ineffective, a PCRA petitioner must prove that (1) the issue underlying counsel's act or omission is of arguable merit; (2) that counsel had no reasonable strategic basis for the act or omission; and (3) that the petition suffered prejudice. *Id.* at 780. To establish prejudice in this case, Appellant must prove he would have

---

[3] Appellant's Brief treats ineffective assistance and unlawful inducement as a single issue. As we explain in the main text, they are distinct. *See Commonwealth v. Barndt*, 74 A.3d 185, 191 n.9 (Pa. Super. 2013).

proceeded to trial but for counsel's error. *Barndt*, 74 A.3d at 192. We must presume that counsel rendered adequate assistance; the petitioner bears the burden of proving otherwise. *Reyes-Rodriguez*, 111 A.3d at 780.

Instantly, Appellant argues that he did not understand his plea, and that he and plea counsel were arguing during the plea colloquy. The sentencing transcript reflects that the trial court told Appellant he had the right to interrupt the court any time and confer with his attorney. N.T. Guilty Plea and Sentencing, 10/10/17, at 13. Appellant did not do so. To the contrary, he testified that he understood the charges, the facts, and the ramifications of his plea. As explained above, counsel procured a plea agreement limiting Appellant's maximum sentence to 30 years when he was facing a *de facto* life sentence. The record does not afford any basis for concluding that Appellant would have proceeded to trial but for counsel's ineffective assistance.

Regarding an unlawfully induced plea, a petitioner may obtain relief "where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." 42 Pa.C.S.A. § 9543(a)(2)(iii). Appellant claimed at one point that he was innocent of rape of a child.[4] The record reflects that Appellant admitted to having sexual intercourse with his daughter, and he admitted to using his influence as her

---

[4] "A person commits the offense of rape of a child, a felony of the first degree, when the person engages in sexual intercourse with a complainant who is less than 13 years of age." 18 Pa.C.S.A. § 3121(c).

father to overwhelm her psychologically. N.T. Guilty Plea and Sentencing, 10/10/17, at 9, 11. He also admitted having sexual intercourse with her before she reached age 13. *Id.* at 12. The PCRA court therefore concluded that Appellant is not claiming innocence. Rather, he simply "cannot accept the law." PCRA Court Opinion, 2/9/18, at 12. "[Appellant] admits that he did the acts he was accused of, but denies they are a crime." *Id.* Appellant therefore cannot obtain relief under § 9543(a)(2)(iii).

We have reviewed the record, the parties' briefs, the PCRA court opinion, and the applicable law. We conclude that he PCRA court's February 9, 2018 opinion thoroughly and accurately addresses Appellant's contentions. We reject Appellant's assertions of ineffective assistance of counsel argument for reasons explained above and for those explained in the court's opinion. We direct that a copy of the opinion be filed along with this memorandum. Nonetheless, we reverse the order and remand to the trial court for resentencing in accord with *Butler*.

Order reversed. Case remanded. Jurisdiction relinquished.

Judge Shogan joins the memorandum.

President Judge Emeritus Stevens concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/31/18

- 5 -

Circulated 10/31/2018 02:59 PM

COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA : No. CR-2084-2016
:
vs. :
:
DAVID HARWI, :
                    Defendant :

Michael A. O'Pake, Esquire, D.A. – for the Commonwealth
Lora McDonald, Esquire – for the Defendant

**OPINION OF COURT**

**DOLBIN, J.**

This matter is before the court on the Defendant David Harwi's ("Harwi's")

Petition for Post Conviction Relief filed on September 28, 2017. Harwi states that

he is eligible for the following relief. First, he alleges that his guilty plea was

unlawfully induced, in that he is innocent and that the circumstances made it likely

that an inducement caused him to enter a plea of guilty. Second, he alleges that he

suffered from ineffective assistance of counsel which also caused that result.

On October 9, 2016, Harwi was charged with the following 31 counts: rape

with forcible threat of compulsion pursuant to 18 Pa. C.S. § 3121(a)(2) (six

counts)(felony of the first degree); rape of a child pursuant to 18 Pa. C.S. §

3121(c), involuntary deviate sexual intercourse with a person less than 13 years of

age pursuant to 18 Pa. C.S. § 3123(a)(6); involuntary deviate sexual intercourse

with a person less than 16 years of age pursuant to 18 Pa. C.S. § 3123(a)(7) (3

counts); statutory sexual assault by a person 8-11 years older than the victim

pursuant to 18 Pa. C.S. § 3122.1(a)(2) (3 counts); aggravated indecent assault of a victim less than 13 years old pursuant to 18 Pa. C.S. § 3125(a)(7); aggravated indecent assault of a victim less than 16 years old pursuant to 18 Pa. C.S. § 3125(a)(8) (3 counts); incest of a minor under the age of 13 years pursuant to 18 Pa. C.S. § 4302(b)(1); incest of a minor between the ages of 13 and 18 years old pursuant to 18 Pa. C.S. § 4302(b)(2) (6 counts); endangering the welfare of a child by a parent pursuant to 18 Pa. C.S. § 4304(a)(1); corruption of a minor over the age of 18 pursuant to 18 Pa. C.S. § 6301(a)(1)(ii); indecent assault of a person less than 13 years old pursuant to 18 Pa. C.S. § 3126(a)(7); and indecent assault of a person less than 16 years old pursuant to 18 Pa. C.S. § 3126(a)(8) (3 counts).

Attorney Frederick J. Fanelli, Esquire entered his appearance on behalf of Harwi and at the preliminary hearing, the hearing was waived and all charges were bound over for court. Harwi waived his arraignment on November 30, 2016. On January 26, 2017, Harwi through his private counsel asked for a continuance for additional time to prepare for trial, which was granted by our President Judge, the Honorable William Baldwin, on January 30, 2017, with a notation that no further continuances would be granted and that the case would be placed on the next criminal court trial term. Thereafter, P.J. Baldwin scheduled jury selection for March 28, 30 and 31, 2017 and for a jury trial shortly thereafter.

On March 28, 2017, Harwi and his counsel were present for jury selection and selected a jury. On the morning of March 31, 2017, a Friday, three days before his trial was scheduled to start on Monday, April 3, 2017 at 9:00AM, Harwi

2

through his counsel indicated to the Court that he wished to enter a guilty plea based on a plea bargain with the Commonwealth, in which he would receive a total prison sentence of 15-30 years in a state correctional facility followed by 10 years of probation, and would agree to have no contact with the victim. The plea paperwork indicated that Harwi was facing a maximum of 355 years in jail and fines of $580,000.00. Harwi signed the Memorandum of Plea Agreement, and we scheduled a hearing for 4:00PM that day.

The guilty plea hearing was stenographically recorded and transcribed. At the hearing, Harwi stated the following. He had had ample time to discuss the matter with his attorney, and he did not have any initial questions. He stated that he was not under the influence of any drugs or alcohol, and that he understood he had the right to a jury trial. He agreed to enter a plea and be sentenced the same day. He stated that he had filled out the plea paperwork earlier the same day, that he had read it, and that he had no questions either about pleading guilty or about the plea agreement. His attorney, who is a very experienced private criminal practitioner in our county, added that he had reviewed the plea paperwork with Harwi in detail, and Harwi did not disagree.

After we read the collateral consequences colloquy to Harwi, Harwi stated that he still intended to plead guilty. The Commonwealth then moved to nolle pros Counts 12 and 22 through 26, which we granted. We then asked Harwi how he pled to each of the charges, and he pled guilty to each. During the hearing, Harwi asked a question of Attorney Fanelli, and we informed Harwi that at any time

3

during the hearing, if he wanted to have a consultation with Attorney Fanelli, he was free to do so, and that we would suspend the hearing to allow him that opportunity. Harwi did not request any such consultation. The Commonwealth agreed to nolle pros Count 17 at the Court's request.

We found that all of Harwi's pleas were made knowingly, intelligently and understandingly. Harwi asked to be sentenced immediately, and waived his right to ask for a presentence investigation report. Neither Harwi nor his attorney had anything to say in the way of allocution, and we sentenced Harwi according to the terms of his plea agreement. The Commonwealth stated that the victim and her mother were in agreement with the plea. We ordered an SOAB evaluation. Harwi had no complaints about his attorney and indicated after his appeal rights were read that he had no questions. Harwi did not take a direct appeal of his guilty plea and sentencing.

On July 26, 2017, we found Harwi to be a sexually violent predator and we advised Harwi of his Megan's Law registration requirements.

On September 28, 2017, Harwi filed a timely Motion for Post Conviction Collateral Relief ("PCRA") Petition, 42 Pa.C.S. § 9545. In it, he claims that Attorney Fanelli manipulated him during the sentencing and that the terms of his sentence were not entered according to what he was told by Attorney Fanelli. He asks for a new trial and for a correction of sentence. He requested counsel and we appointed Attorney Laura J. McDonald ("Attorney McDonald") to represent him.

4

Although the Commonwealth opposed an evidentiary hearing, we held a hearing on December 1, 2017.

At the PCRA hearing, Harwi testified under oath, and his testimony was inherently conflicting. He testified that he never understood his plea agreement, and that Attorney Fanelli did not explain it to him. He stated that Attorney Fanelli pressured him into signing the plea paperwork. Harwi testified that he was told that Count 1, raping a child, would be nolle prossed. Harwi stated that he was not guilty of raping a child and that he was arguing with his counsel about that topic while the Court was conducting the guilty plea colloquy. Harwi complained that he did not have much time to review the plea deal that day, and also that his attorney pressured him to sign it. Harwi explained that he did not want to go to trial because it would be more punishment for his daughter. Also Harwi did not have the funds to pay Attorney Fanelli for a trial. Then, Harwi argued that he was, in fact, innocent of not only the rape charge, but of all the charges. Finally, Harwi argued that his plea should be vacated because he was told that all of the sentences would run concurrently.

On cross examination, Harwi said he was remorseful from the beginning and did not want to require the victim to testify against him, but yet maintained his innocence, particularly on the rape charge. Harwi admitted that he begged his counsel to get a plea deal, and said that Attorney Fanelli told Harwi that he would get a sentence of 5-10 years and that the rape charge would be dropped. Harwi did not recall pleading guilty to rape during the guilty plea hearing and did not recall

5

the Court asking him to plead guilty to rape. Harwi admitted to seeing photographs of himself prior to the preliminary hearing and also making a confession to the police. Harwi stated that Fanelli advised him that Harwi did not have a good chance of success in front of a jury, and that Fanelli gave him a threatening letter about accepting the plea offer, which Fanelli required Harwi to sign and date. Finally, Harwi stated that he answered falsely to the Court about his guilt because he was under pressure and upset at the time.

Harwi had no further witnesses or evidence in support of his PCRA petition. The Commonwealth called Attorney Fanelli to testify. Fanelli testified in great detail as to his frequent meetings and consultations with Harwi throughout the case, from prior to the preliminary hearing until Harwi's sentencing, offering that he spent more time with Harwi than he usually did with other clients because Harwi was a "needy client." Fanelli reviewed the evidence against Harwi, which included photographs which Harwi admitted to the police were of the victim, and Harwi's verbal and written confessions.

Throughout the case, Fanelli advised Harwi that his best chance of not spending his life in prison was to accept a plea bargain. Fanelli told Harwi that he could get 40 to 80 years in prison, and that Harwi might be 85 years old before he was released. Fanelli told Harwi that jurors would be revolted by the photographs and would never accept any defense to this aberrant behavior. Harwi had corroborated everything the victim said in his statements. The only defense Harwi had to the evidence was to accuse the victim of lying, or to somehow deny that it

6

was she, neither of which defenses was acceptable or which would have a chance of convincing a jury that Harwi was innocent. Fanelli believed it was in Harwi's best interest to accept a plea bargain.

Throughout the case, no matter what the discussion, Harwi insisted to Fanelli that Harwi was innocent of rape because the victim was a willing participant. No matter how many times Attorney Fanelli explained the law to Harwi, that a person under 16 years of age cannot be said to consent, Harwi would not accept it. Fanelli observed that Harwi treated the victim as if she was his girlfriend.

Fanelli and Harwi reviewed the evidence and the chances of acquittal versus conviction. Fanelli discussed filing a motion to suppress Harwi's written confession to the police, in which Harwi admitted to the charges, but that such a motion would be meritless because Harwi had been given his Miranda warnings prior to giving the statement. Harwi had also given a verbal statement in which he corroborated the victim.

Fanelli received a preliminary plea bargain offer from the Commonwealth of a total of 15-40 years which he took to Harwi, but Harwi would not accept it because he persisted in believing he had done nothing wrong. .

Fanelli wrote a letter to Harwi dated January 26, 2017, which was introduced into evidence at the hearing as Commonwealth's Exhibit 1. The letter sets forth a second and final offer by the Commonwealth of 15-30 years followed by 10 years of probation. Harwi likewise initially rejected this offer. Fanelli told

7

Harwi that the Commonwealth had made an important concession in its second and final offer, that it was a big move to reduce the maximum sentence by 10 years.

Fanelli was prepared to go to trial and selected the jury. At the time of jury selection, Harwi indicated to Fanelli that Harwi did not want to make the victim testify at a trial, and that he was finally ready to plead guilty. Harwi and Fanelli did not know whether the Commonwealth's offer was still on the table. Fanelli said he would try to get the same plea offer; Fanelli approached the Commonwealth and told them that Harwi was finally ready to plead.

Fanelli was able to get the same bargain, and told Harwi that the Commonwealth was agreeable and that was the best offer he was going to get. Harwi continued to tell Fanelli that he was not guilty of rape for the above-stated reasons. Fanelli explained that if a court heard that, Harwi was going to get what was effectively a life sentence for his lack of remorse, because he would not get out of prison until he was age 85. Finally, Harwi agreed to plead guilty to that charge as well as the other charges.

Fanelli went over the multi-page paperwork in detail with Harwi, and had him initial and sign it. Harwi continued to take the position that he was not guilty because he did not accept the law. Fanelli explained that if Harwi did not plead guilty, they would go to trial. Harwi agreed to plead.

At the guilty plea colloquy before this Court, Fanelli believed that his client understood what was going on. Every time Harwi kept going back to the issue of

8

consent, Fanelli told him that they would have to go to trial if Harwi said that to the Court. Harwi agreed to plead guilty rather than go to trial.

After Harwi was sentenced and the hearing concluded, Harwi never told Fanelli that Harwi did not understand what had happened. Fanelli concluded his testimony by reiterating that given the evidence, which Fanelli explored with the police prior to the preliminary hearing, including Harwi's confessions, the photographs, and the Commonwealth's and Harwi's wish to shield the victim from further trauma, Harwi chose not to fight the charges and to enter a guilty plea. Fanelli observed that throughout the case, Harwi was defiant of the charges and outraged at the Commonwealth's offer, believing the prison time to be overly harsh and long. Ultimately, it was up to Harwi to either choose to have a trial or to plead guilty. Together they weighed the risks and consequences, and discussed the odds and possibilities. Harwi knew the choices and he decided to accept the plea offer, which was in Fanelli's mind a gift.

The parties filed briefs, which we have reviewed. We first address the Defendant's allegation that trial counsel was ineffective. Ineffective assistance of counsel may constitute grounds for post conviction relief if the ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. 42 Pa.C.S.A. §9543(a)(2)(ii). "In order to establish a claim of ineffective assistance of counsel under the [Post Conviction Relief Act], a defendant must plead and prove the following: (1) that the underlying issue is of arguable merit; (2) that counsel had no reasonable basis

9

designed to effectuate his client's interests for the act or omission in question; and (3) prejudice; i.e., but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different." Commonwealth v. Marshall, 812 A.2d 539, 545 (Pa. 2002), *citing* Commonwealth v. Kimball, 555 Pa. 299, 724 A.2d 326, 333 (1999).

In his brief, Harwi argues that he did not understand the plea and that given the short period of time he had to review the plea paperwork, that he was not fully aware of what charges he was pleading guilty to until after he received the sentencing order. We reject that argument. The second offer of 15-30 years followed by 10 years of probation was first presented to Harwi in January of 2017. He did not plead guilty until March 31, 2017. We found credible Attorney Fanelli's testimony that he reviewed the plea offer with Harwi and recommended that he accept it as his best possible option. It was not until the pressure of an impending jury trial that Harwi finally decided to accept the offer. Our guilty plea colloquy was detailed and Harwi had opportunity to ask questions and consult with his attorney during the hearing. He had no questions either during the colloquy or during the sentencing. He did not appear to be confused or unable to comprehend the proceedings. We found that he entered his pleas knowingly, voluntarily and understandingly.

If Harwi did not understand what he was doing, then he lied to this Court under oath:

> The longstanding rule of Pennsylvania law is that a defendant

10

may not challenge his guilty plea by asserting that he lied under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradicts the statements he made at his plea colloquy.

Commonwealth v. Turetsky, 925 A.2d 876, 881 (Pa. Super. 2007) (further quotations omitted). Further:

A criminal defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

Id. (further quotation omitted). During the plea process,

[the] criminal defendant's right to effective counsel extends to the plea process, as well as during trial. However, allegations of ineffectiveness in connection with the entry of a guilty plea will serve as basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea.

Commonwealth v. Wah, 42 A.3d 335, 338 (Pa. Super. 2012) (quotation omitted).

"The prejudice required to prevail on a claim of counsel's ineffectiveness during the plea process 'is similar to the "manifest injustice" standard applicable to all post-sentence attempts to withdraw a guilty plea.'" Commonwealth v. Lee, 2017 WL 3142534 at 2 (Pa. Super. 2017) (unreported) (quoting Turetsky, 925 A.2d at 881).

The evidence from the hearing leads to the undeniable conclusion that Harwi knew and understood the offer and the sentence, and chose to accept that offer, and plead guilty, to all of the charges which were not dismissed, in order to

11

avoid a jury trial. Harwi failed to present any evidence that he was offered some other plea bargain with concurrent sentences, other than his own testimony which conflicted with his testimony at the guilty plea colloquy. Moreover, all but two of the sentences run concurrently, and all add up to the term which Harwi was promised, 15-30 years imprisonment with 10 years of probation. We see no manifest injustice in Harwi's sentence as compared to the promised plea bargain, nor do we find any credible evidence that Attorney Fanelli communicated an incorrect plea bargain to Harwi.

Harwi also failed to present any credible evidence that his attorney was ineffective. The fact that Harwi cannot accept the law, a position which Harwi continues to assert to this day (even with his PCRA attorney during an off-the-record discussion during the PCRA hearing), is not a basis for granting his PCRA request and vacating his sentence and returning his case to the trial list. Therefore, his claim that he entered a guilty plea when he was innocent is not a claim of arguable merit. Harwi admits that he did the acts he was accused of, but denies they are a crime. We find that Attorney Fanelli's advice that Harwi accept the second plea offer, was made by Fanelli in Harwi's best interests, and that there were no errors made by Attorney Fanelli that would have caused a different outcome in the proceedings by a reasonable probability.

There is nothing in the guilty plea colloquy which tends to show that Harwi was not in full agreement with his plea bargain. If we had discerned that he was not in full agreement, we would not have accepted his guilty plea. Nor can we find

12

any manifest injustice in declining to allow Harwi to withdraw his plea. Harwi made a decision to accept the plea offer and plead guilty and to be sentenced immediately in order to avoid a jury trial. It is an everyday occurrence for criminal defendants to weigh the options and make a decision which is in what they believe to be their best interests, with and upon the advice of counsel, on the eve of trial. We agree that Harwi was indeed fortunate to receive such an offer, given the charges and the evidence against him. We find no evidence that Attorney Fanelli was ineffective.

Accordingly, we enter the following:

# COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY
## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA,   :        CP-54-CR-2084-2016
                                :
                v.              :
                                :
DAVID HARWI,                    :
                    Defendant   :

Michael A. O'Pake, District Attorney – for Commonwealth
Lora McDonald, Assistant Public Defender – for Defendant

## ORDER OF COURT

**DOLBIN, J.**

AND NOW, this   9 ᵗ ᵏ   day of February, 2018, it is hereby ORDERED and

DECREED that Defendant's Petition for Post Conviction Relief is DENIED and

DISMISSED.

BY THE COURT:

_____
CYRUS PALMER DOLBIN, JUDGE